COMMONWEALTH *vs.* ROBERT HARLEY.
COMMONWEALTH *vs.* GEORGE CARLISLE.

Under the Rev. Sts. *c.* 86, § 11, and *c.* 138, § 13, exceptions in criminal cases, filed in the municipal court or court of common pleas, must be entered in the supreme judicial court next to be held for the same county; and if the party who files such exceptions recognizes to enter and prosecute them in the supreme judicial court then in session, the recognizance is void.

Two writs of *scire facias.* The declaration in each case alleged, that on the 28th of March 1843, before the municipal court of the city of Boston, the said Harley and Carlisle acknowledged themselves to be severally indebted to the Commonwealth, said Harley as principal, and said Carlisle as surety, in the sum of $200, on condition, that if said Harley should " personally appear before the supreme judicial court now holden at Boston, within and for the county of Suffolk; " should enter and prosecute his exceptions with effect, and abide the sentence thereon ; and in the mean time keep the peace and be of good behavior; then said recognizance should be void ; that said Harley had failed to enter and prosecute his said exceptions, according to the conditions aforesaid; and that said sum of $200 had become forfeited, &c

It was agreed, by the defendants' counsel and the attorney for the Commonwealth, that said Harley, in the municipal court, at the March term 1843, was found guilty of an offence for which he there stood indicted ; that he alleged exceptions to the direction of said court, in matter of law, and that he and said Carlisle entered into the recognizance set forth in said writs of *scire facias;* that said exceptions were alleged, and said recognizance entered into, during the March term 1843 of the supreme judicial court in the county of Suffolk, and before any adjournment thereof, except from day to day ; and that said Harley did not enter his said exceptions at that term, or at any subsequent term of said court. It was also agreed, that the question of the defendants' liability upon the recognizance should be adjudicated upon the foregoing facts.

*S. D. Parker,* for the Commonwealth.

*Goodrich,* for the defendants.

Shaw, C. J. It is objected to any judgment on these writs, that the recognizance is void, because there is no provision by law, that exceptions may be taken at the municipal court, so as to be returnable to the supreme judicial court, then in session, and be entered at such term of the court. And we are of opinion that there is no warrant in the statute for thus making the case returnable at a court in session, and that the recognizance is void. It is possible that it may have been done in some instances, and have passed *sub silentio ;* though we are not aware of any instance. If there has been such a practice, we presume it has arisen inadvertently, and in consequence of the analogy of cases of exceptions to that of an appeal, in regard to which a provision is made for its return, at the option of the appellant, at any session of the supreme judicial court, held by adjournment, before the next regular term. Appeals in criminal cases, by a statute subsequent to the revised statutes, (*St.* 1839, *c.* 161,) are mostly, if not wholly, taken away. Still, as this provision has not received a judicial construction, though it has for some time existed in our statutes, extending also to appeals in civi actions, and as certain adjourned sessions of the supreme judicial court have been somewhat fixed by usage, it may be proper to give it a little consideration.

Commonwealth *v.* Harley & Carlisle.

It has sometimes been made a question, whether such an appeal can be taken to an adjourned session, unless, at the time of taking such appeal, the supreme judicial court has adjourned to a day then future, and of course then fixed and certain. Again; it has been made a question, whether it would not be conformable to the provisions of the statute, and expedient for the court, when a long term commences, in which, according to common usage, an adjourned session will probably be held, to pass an order, at an early day, and enter it of record, fixing one or more future days on which the court will hold an adjourned session, with a view of making those days return days for such appeals as may be taken in the mean time in cases where, by law, an appeal may be taken to an adjourned session We are inclined to think that this would be regular and legal; but it would not meet cases, apparently intended to be provided for by statute, where it is uncertain, before the adjournment, whether an adjourned session will be held; but where, in consequence of an urgent pressure of business, or other cause, it may be found expedient to hold such session. But we do not perceive why it would not be conformable to the statute to take the appeal and make the entry on record, and also to take the recognizance, when a recognizance is required, in the words of the statute, viz. to the supreme judicial court, next to be held at ———— in said county, on the ——— day, &c. unless an adjourned session shall be held, in the mean time, in and for the said county; then to such adjourned session. So in the recognizance conditioned to appear at the supreme judicial court next to be held, &c. unless, &c. and then at such adjourned session. These suggestions are made because they may affect the daily practice of the courts, in both criminal and civil cases. in a matter where it is of the highest importance that a perfect understanding should exist between the courts appealed from and the appellate court, and where any mistake or misunderstanding may lead to very injurious results.

But to return to the consideration of the present case : We are of opinion that the proceeding was erroneous on two grounds 1. The first is, that there is no provision by law for making

exceptions returnable to an adjourned session of the court. There is a marked distinction, in this respect, between exceptions and appeals. By the Rev. Sts. *c.* 138, § 6, an appeal in a criminal case " shall be entered at the next term of the court, or, at the option of the appellant, at any session of such court held by adjournment, if any such session shall be held before the next stated term, provided that the appellant, at the time of claiming the appeal, shall give notice of his intention," &c. Such notice was probably intended by the statute to be entered of record, as well to give notice to the prosecuting officer, as to regulate the duties of the clerk and others concerned, and also, that when the record goes to the supreme judicial court, it may show that that court has jurisdiction.

In case of exceptions in criminal cases, Rev. Sts. *c.* 138, §§ 11 – 14, there is no such provision ; but it is made the duty of the party excepting to recognize with surety " for his personal appearance at the supreme judicial court next to be held for the same county, and to enter and prosecute, &c. and abide the sentence thereon." No provision is made for appearing, or for entering the case, at an intermediate adjourned session ; and as this practice depends, for its regularity, upon statute, and is not conformable to any rule or practice of the common law, it does not extend to exceptions. The sections cited apply in terms to the court of common pleas; but by Rev. Sts. *c.* 86, §§ 10 – 11, the same provisions, both as to appeals and exceptions, are extended to the municipal court.

2. But were this an appeal, we think it would be irregular, because it was taken during the March term of this court, 1843, when it was merely adjourning from day to day ; and, in terms, to the court " *now holden,*" that is, *now sitting ;* and this is not warranted by the statute provision in regard to appeals. It is not practicable, perhaps, exactly to define a " session held by adjournment," though practically it is well understood. It is sufficient for this case, that an ordinary adjournment from day to day, where there has been no previous order fixing a day for an adjourned session, does not make an adjourned session.

It was asked, what, under these circumstances, (supposing

the recognizance void, and the case not entered at the last November term, at which it should have been entered,) is the condition of the case ; and what is the course to be pursued ; whether the court can now proceed to consider the exceptions and render judgment, or whether the case is to be considered as pending in the municipal court. We think the case is not now open for consideration on the exceptions, because it has not yet been brought before this court by the party excepting, nor by the government. But we think the proper course is indicated by the case of *Commonwealth* v. *Dow*, 5 Met. 329. The case is not before the municipal court, because the statute declares, that after an allowance of the exceptions, all further proceeding in that court shall cease ; and this may be, and in most cases is, before judgment rendered. But it is declared, that after such exceptions are allowed, this court shall have cognizance of the cause ; that it shall be removed to this court, and here be disposed of. It is made the duty of the exceptant to enter it at the *next term ;* but there is no express provision directing how or when it shall be entered or brought before the court, by the public prosecutor, in case it shall not be entered by the exceptant. It then stands as a case of which the court has cognizance, not at any particular term, but generally, and may be brought before the court at a subsequent term ; and this may be done by way of complaint or information by the prosecuting officer, setting forth the conviction, with an offer of a transcript of the record, and praying judgment. And if the party does not appear, if he has entered into a void recognizance, or none at all, or has forfeited his recognizance, he may be brought in, by summons or warrant, to answer and abide the judgment of the court. The reasons are stated so fully in *Commonwealth* v. *Dow*, that it seems unnecessary to recapitu late them.

The judgment in each of these writs of *scire facias* will be, that the Commonwealth take nothing by the writ.